# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| Derrick Sallis, | ) |
| | ) Civil Action No. 7:19-cv-320-TMC |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| State of South Carolina, Child Support Division, | ) |
| | ) |
| Defendant. | ) |

Plaintiff Derrick Sallis ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action challenging the constitutionality of Title 63 to the South Carolina Code of Laws and the validity of a child support order issued by a South Carolina family court. (ECF No. 1 at 4). Plaintiff also seeks damages allegedly caused by the state court order. *See id*. The claims and allegations asserted by Plaintiff here are virtually identical to those asserted by Plaintiff in a previous action that the court dismissed with prejudice and without issuance and service of process. *See Sallis v. Jones et al*., C/A No. 6:17-cv-3465-TMC (D.S.C. Dec. 27, 2017).

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. The magistrate judge filed a Report and Recommendation ("Report") recommending that Plaintiff's action be dismissed without issuance and service of process and finding that any amendment of the complaint would be futile. (ECF No. 9 at 12). Plaintiff was advised of his right to file objections to the Report. *Id*. at 13. Plaintiff filed objections, (ECF No. 13), as well as several supplements to his objections, including "writs of certiorari," (ECF Nos. 16, 17); a "writ of inquiry," (ECF No. 18); various motions to stay the

state family court child support order, (ECF Nos. 19, 22, and 25); and a motion for a hearing pursuant to Rule 16 of the Federal Rules of Civil Procedure, (ECF No. 20).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. Report and Objections

In her Report, the magistrate judge concluded that Plaintiff's constitutional challenge to a state statute on the grounds that it had not been "ratified" by Congress or signed by the President should be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(ii) because "South Carolina, as a sovereign, has the inherent authority to enact legislation and enforce that legislation through the State's governing institutions." (ECF No. 9 at 5). Additionally, the magistrate judge concluded that because Plaintiff previously filed an identical action, this action should be dismissed as duplicative and frivolous under § 1915(e). *Id*. at 6. To the extent that Plaintiff's complaint can be construed as asserting a claim under 42 U.S.C. § 1983, the magistrate judge concluded that it is subject to summary dismissal for at least two reasons: (1) because the South Carolina Department

of Social Services is immune from suit under the Eleventh Amendment, Plaintiff has failed to name a defendant amenable to suit under § 1983; and (2) the complaint fails to state any viable claim for relief against Defendant. *Id.* at 7–8. Finally, the magistrate judge concluded that the court is precluded by the *Rooker-Feldman* doctrine to consider Plaintiff's challenge to the orders of the South Carolina family court. *Id*. at 9–12.

In general, Plaintiff's objections are nonsensical, difficult to decipher, and nonresponsive to the findings and conclusions set for in the Report. Plaintiff fails to identify a specific error in the magistrate judge's analysis of the constitutional challenge to Title 63 of the South Carolina Code of Laws, merely restating the allegations in the complaint. (ECF No. 13 at 1, 10). Additionally, rather than specifically objecting to the magistrate judge's conclusion that the *Rooker-Feldman* doctrine precludes the court from exercising jurisdiction over a challenge to a state child-support order, Plaintiff simply raises further grounds for challenging the state court's order. *Id*. at 4–6. Finally, Plaintiff appears to argue that the summary dismissal of his complaint will abridge his constitutional right to a speedy trial, *see id*. at 3, and deprive him of his right to a hearing at which he can present evidence, *see id*. at 8. In support of these objections, Plaintiff offers *Class v. United States*, 138 S. Ct. 798 (2018), wherein the Supreme Court considered the effect of a guilty plea on a subsequent appeal challenging the constitutionality of the statute of conviction. Have carefully considered all of Plaintiff's objections and accorded him every benefit of a liberal construction of these *pro se* pleadings, the court finds the objections wholly without merit and overrules them.

## II. Conclusion

The court has thoroughly reviewed the Report of the magistrate judge and the filings in this case. For the reasons set forth above and in the Report, the court overrules Plaintiff's objections

3

and hereby adopts the Report (ECF No. 9). Accordingly, it is hereby **ORDERED** that this action is **DISMISSED** with prejudice and without issuance and service of process. Plaintiff's motions to stay (ECF Nos. 19, 22, and 25) and for a Rule 16 hearing (ECF No. 20) are **DENIED as moot**.[1]

Finally, as noted, Plaintiff has previously filed a similar frivolous action. Plaintiff is hereby advised of the possibility that continued frivolous, malicious, abusive, or vexatious filings may result in the imposition of a pre-filing injunction and other sanctions as provided by law. *See, e.g., Cromer v. Kraft Foods of North America, Inc.*, 390 F.3d 812, 818 (4th Cir.2004).

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

March 2, 2020
Anderson, South Carolina


**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] To the extent any of Plaintiff's "writs" or other additional filings can be construed as motions for relief, they are likewise **DENIED as moot**.